ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 1, 2008

The Honorable Sherri K. Tibbe                    Opinion No. GA-0667
Hays County Criminal District Attorney
110 East Martin Luther King                      Re: Whether a county bail bond board may
San Marcos, Texas 78666                          suspend or revoke an individual surety's license
                                                 for that licensee's activity relating to an out-of-
                                                 county bond (RQ-0700-GA)

Dear Ms. Tibbe:

You ask whether a county bail bond board may suspend or revoke an individual surety's license for that licensee's activity relating to an out-of-county bond.[1] You explain that you use the term "out-of-county bail bond" to refer to a bond executed in Hays County for an arrest in Hays County on a warrant from another county. *See* Request Letter, *supra* note 1, at 1 n.1; *see also* TEX. CODE CRIM. PROC. ANN. art. 15.18(a)(1) (Vernon Supp. 2008) (directing the magistrate before whom a person arrested under a warrant issued in another county is brought to take bail if allowed by law and immediately to transmit the bond to the court with jurisdiction of the offense).

You indicate that Hays County has created a bail bond board; consequently, bail bond sureties operating in the county are regulated under Occupations Code chapter 1704. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. OCC. CODE ANN. §§ 1704.002(2), .052, .101(3) (Vernon 2004) (authorizing a county with a population of less than 110,000[2] to create a bail bond board to "regulate each phase of the bonding business in the county"); *Font v. Carr*, 867 S.W.2d 873, 882 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (concluding that chapter 1704's statutory predecessor, article 2372p-3 of the Revised Civil Statutes,[3] controlled "over the more general

---

[1]*See* Letter from Honorable Sherri K. Tibbe, Hays County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 4 (Apr. 8, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]In 2000 Hays County population was less than 110,000. *See* UNITED STATES CENSUS BUREAU, 2000 CENSUS OF POPULATION: POPULATION FINDER (Hays County population: 97,589), *available at* http://quickfacts.census.gov/qfd /states/48/48209.html (last visited Sept. 25, 2008); *see also* TEX. GOV'T CODE ANN. § 311.005(3) (Vernon 2005) (defining the term "population" generally for all codes to mean "the population shown by the most recent federal decennial census").

[3]Article 2372p-3, Revised Civil Statutes, was repealed and recodified as Occupations Code chapter 1704 in 1999. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, §§ 1, 6(a), 1999 Tex. Gen. Laws 1431, 2279-91, 2439-40.

provisions of" Code of Criminal Procedure chapter 17 "[i]n the counties where article 2372p-3 applie[d]"). In a county subject to chapter 1704, no one except an attorney may "act as a bail bond surety or as an agent for a corporate surety in the county unless the person holds a license issued under" chapter 1704. TEX. OCC. CODE ANN. §§ 1704.151, .163 (Vernon 2004 & Supp. 2008); *accord id.* § 1704.303(a) (Vernon 2004) ("A person required to be licensed under this chapter may not execute a bail bond unless the person holds a license issued under this chapter."). For purposes of chapter 1704, the terms "bail bond" and "bail bond surety" are defined as follows:

> (1) "Bail bond" means a cash deposit, or similar deposit or written undertaking, or a bond or other security, given to guarantee the appearance of a defendant in a criminal case.[4]

> (2) "Bail bond surety" means a person who:

> (A) executes a bail bond as a surety or cosurety for another person; or

> (B) for compensation deposits cash to ensure the appearance in court of a person accused of a crime.

*Id.* § 1704.001(1)–(2) (Vernon Supp. 2008).

You relate the following facts: In approximately September 2005 an individual (the "defendant") was arrested in Hays County on a larceny warrant issued by Fort Bend County. *See* Request Letter, *supra* note 1, at 2. At that time a licensed bail bond surety in Hays County "executed a bail bond in Hays County" for the defendant in the amount of $50,000. *Id.* As security for the bond, the bail bond surety collected $14,000, paid by credit card, from an indemnitor. *See id.* Although the defendant's bond "was revoked on October 12, 2006[,] for . . . failure to appear," the bond was not forfeited. *See id.* The larceny charge against the defendant was "finally disposed on October 29, 2007." *Id.* On November 1, 2007, the indemnitor by letter requested the bail bond surety to return the security and enclosed a copy of the final judgment in the larceny case. *See id.* On December 5, 2007, the indemnitor filed a complaint with the Hays County Bail Bond Board (the "Board"), alleging that the bail bond surety had not returned the security. *See id.* "When the Hays County District Attorney's Office contacted [the bail bond surety] about the return of the security, [the surety] stated that he needed a written release from Fort Bend County before he would return" it. *Id.* The Hays County District Attorney then "recommended to the Board that the security be returned to the indemnitor[] because the bond was not forfeited [as a result of the October 12, 2006, failure to appear], the criminal case was finally disposed, and section 1704.301 [of the Occupations Code] did not require a written release by the Fort Bend prosecutor" as a condition precedent to the

---

[4]"A bail bond is a written undertaking entered into by the defendant and his sureties for the appearance of the principal before some court or magistrate to answer a criminal accusation. As such, a bail bond is a contract between the surety (the bonding company) and the State." *Briones v. State*, 76 S.W.3d 591, 594–95 (Tex. App.—Corpus Christi 2002, no pet.) (citations omitted).

return of the security.[5] *Id.* On January 18, 2008, the Board voted to approve the district attorney's recommendation and requested the bail bond surety by letter to return the security. *See id.* He did not do so. *See id.* As a result, on March 28, 2008, the Board scheduled "a hearing to consider whether to commence formal action to suspend or revoke" the surety's license. *See id.* But the Board tabled the item pending the attorney general's opinion regarding the county bail bond board's authority over out-of-county bonds. *See id.*

You do not ask whether the bail bond surety in this instance has violated section 1704.301. *See* Request Letter, *supra* note 1, at 4; *see also supra* note 5 (setting out section 1704.301). Rather, you suggest that, under chapter 1704, it "is not clear if the Board's authority extends to activity on out-of-county bonds." Request Letter, *supra* note 1, at 1. You therefore ask whether the Board may "suspend or revoke an individual surety license for that licensee's activity relating to an out-of-county bond." *Id.* at 4.

Under section 1704.252(1), a bail bond board has express authority to revoke or suspend a license if a license holder "violates this chapter or a rule adopted by the board under this chapter." TEX. OCC. CODE ANN. § 1704.252(1) (Vernon 2004); *accord id.* § 1704.102(a)(3) (requiring a bail bond board to "suspend or revoke a license for a violation of" chapter 1704 "or a rule adopted by the board under" chapter 1704); *see also Harris County Bail Bond Bd. v. Blackwood*, 41 S.W.3d 123, 124 (Tex. 2001) (stating that "[a] county bail bond board is responsible for all aspects of the licensing of bondsmen in that county, including granting, denying, or renewing licenses"); Tex. Att'y Gen. Op. No. GA-0197 (2004) at 5–6 (stating that Occupations Code section 1704.252(1) incorporates conduct that is not specifically listed in section 1704.252(2)–(16) "but that violates other chapter 1704 provisions," such as section 1704.301). Nothing in the statute expressly limits the violations that can trigger revocation or suspension to bonds executed on in-county warrants; indeed, the statute refers without qualification to violations of chapter 1704 or board rule. *See* TEX. OCC. CODE ANN. § 1704.102(a)(3) (Vernon 2004).

In addition, section 1704.101(3) authorizes a county bail bond board to "supervise and regulate each phase of the bonding business in the county." *Id.* § 1704.101(3). The term "bonding business" means "the solicitation, negotiation, or execution of a bail bond by a bail bond surety." *Id.* § 1704.001(4) (Vernon Supp. 2008). As we stated in Opinion GA-0002, an out-of-county bail

---

[5]Occupations Code section 1704.301 requires a bail bond surety to return security within thirty days of the date that the owner of the security:

  (1) requests return of the security in writing; and

  (2) submits to the bail bond surety written evidence of the conclusion of:

     (A) the payment agreement; or

     (B) all of the criminal cases for which the security was given.

TEX. OCC. CODE ANN. § 1704.301 (Vernon 2004).

bond is executed in the county that licensed the bail bond surety, not the county that issued the warrant. *See* Tex. Att'y Gen. Op. No. GA-0002 (2002) at 3. Thus, under section 1704.101, "each phase of the bonding business" that is associated with a bond executed in the licensing county is subject to that county board's supervision. This encompasses the disposition of the bond—whether it is forfeited so that the bail bond surety retains the security or whether the bond is not forfeited so that the bail bond surety must return the security to the indemnitor.

We consequently conclude that a county bail bond board's enforcement authority extends to all violations committed by a bail bond surety licensed by that board with respect to all bonds executed in that county, including those that relate to a warrant issued by another county. A bail bond surety may violate chapter 1704 on an out-of-county bond that was executed in the licensing county, and if the surety does so, that violation is subject to censure by the licensing county's bail bond board.

## S U M M A R Y

A county bail bond board may revoke or suspend the license of a bail bond surety licensed in that county if the surety violates chapter 1704 of the Occupations Code or a rule adopted under that chapter on a bond executed in that county on a warrant issued by another county.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee